```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION
```

| | | |
|---|---|---|
| STEVE PASILLAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No.4:21-CV-1238-Y |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DENYING
## PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Steve Pasillas, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice ("TDCJ"), against the director of that division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I. Background and Procedural History

Pasillas is in custody under a judgment of conviction for aggravated sexual assault of a child under 14, and serving a sentence of forty years, in cause number 1152435D in the 213th Judicial District Court, Tarrant County, Texas.(Resp. Exhibit A (doc. 14-1).)[1]

---

[1] A TDCJ-CID commitment inquiry report, showing Pasillas's conviction, is attached to the respondent's response as Exhibit A.

While serving this sentence in the TDCJ, McConnell Unit, Pasillas was charged in disciplinary proceeding number 20210135396 on March 15, 2021.(Resp. Exhibit B 2-5, doc. 14-2.)[2] Pasillas was charged with a level 1, code 10.0 prison disciplinary offense (an "Act defined as a felony by laws of the state of Texas or the United States.")[3] Specifically, Pasillas possessed an outgoing letter conspiring to introduce narcotics—malathion liquid controlled substance—into a correctional facility, which is a felony as defined by the laws of the State of Texas.(Resp. Exhibit B 5, doc. 14-2.)

At Pasillas's disciplinary hearing on March 23, 2021, the Disciplinary Hearing Officer ("DHO") found Pasillas guilty of the offense.(*Id.* at 5.) Pasillas was assessed the following punishments: (1) loss of forty-five days of recreation privileges; (2) loss of sixty days of commissary privileges;(3) a reduction of time-earning class from S3 to L1; and (4) loss of 365 days of good time credit.(*Id*. at 3,5.) This disciplinary charge was later modified to a level 1, code 12.0 prison disciplinary offense (use or possession of an unauthorized controlled substance or associated paraphernalia), but the punishments remained the same.(*Id.* at 4.)

---

[2]The respondent provided copies of the relevant portions of Pasillas's TDCJ Disciplinary Report and Hearing Records, with an attesting affidavit of a TDCJ-McConnell Unit records custodian, as Exhibit B. The Court cites to the specific page numbers assigned by ECF page numbering.

[3]TDCJ-CID, Disciplinary Rules and Procedures for Offenders http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Proce-dures_for_offenders_english.pdf(Attachment A)(last visited Sep. 21, 2022).

Pasillas constructively filed the instant federal habeas corpus petition in the prison mail system on or about October 31, 2021.[4] (Pet. 10, doc. 2.)

**II. Grounds for Relief**

The Court understands Pasillas to allege the following grounds for relief challenging disciplinary proceeding number 20210135396:

1. Retaliation, harassment, and hazing by TDCJ personnel;

2. Due process violations;

3. First amendment violations; and

4. Deprivation of his right to counsel.

(Pet. 6-7, doc. 2.)

**III. Analysis**

**A.  The Loss of Privileges Does Not Trigger Due Process Protections.**

As a result of disciplinary case number 20210135396, TDCJ personnel assessed Pasillas's punishment, in part, as follows: (1) loss of forty-five days of recreation privileges; (2) loss of sixty days of commissary privileges;(3) a reduction of time-earning class from S3 to L1. (Resp. Exhibit B 3-5, doc. 14-1.) These punishments, however, do not invoke the due process clause.

---

[4]A federal petition is deemed filed on the date that the petitioner placed it in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

-3-

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Id.* at 485; *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Prisoners however, do not lose all constitutional rights when they are incarcerated. *Wolff*, 418 U.S. at 555. In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Sandin*, 515 U.S. at 483-84; *Madison*, 104 F.3d at 767. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

To the extent Pasillas challenges the loss of privileges, such punishments do not pose an "atypical" or "significant hardship" beyond "the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484. Rather, they constitute changes in the conditions of

-4-

his confinement, and therefore, do not implicate the protections afforded by the Due Process Clause. *See Id.* at 486 (holding that no liberty interest was implicated by placement in administrative segregation); *see also Madison*, 104 F.3d at 768 (holding that thirty days commissary and cell restrictions "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.")

Likewise, Pasillas's time-earning classification in terms of a line class will not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. The possibility that Pasillas's time-earning classification would affect when he is ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."*Id.* Pasillas cannot show that the reduction to his time-earning classification automatically changed the length of his sentence to the degree that it precluded him from any entitlement to an accelerated release date. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). It is well settled that the timing of Pasillas's release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). In *Malchi*, the court found that time earning status and custodial classifications are attenuated to release on parole and are "too speculative to afford . . . a constitutionally cognizable claim to the 'right' to a particular

time earning status, which right the Texas legislature has specifically denied creating." 211 F.3d at 959.

Thus, with respect to the loss of privileges and line class status, Pasillas fails to state a claim that entitles him to federal habeas corpus relief.

> **B. Pasillas is Not Entitled Sentence Credit for Lost Good-time Since He Is Not Eligible for Mandatory Supervision Release.**

In addition to the loss of recreation and commissary privileges and reduction in time-earning status, Pasillas also was assessed a loss of 365 days of good time credit. (Resp. Exhibit B 3, doc. 14-2.)

"In Texas, there are two general ways in which an inmate may become eligible for early release. First, an inmate may become eligible for parole; second, he may become eligible for mandatory supervised release." *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007)(citing *Madison*, 104 F.3d at 768)); see also Tex. Gov't Code Ann. § 508.001 (defining mandatory supervision and parole). Texas inmates who are eligible for mandatory supervision have a protected interest in the good time credits they have earned. *Malchi*, 211 F.3d at 956. The Fifth Circuit has held, however, that there is no protected liberty interest in previously earned good-time credits when an inmate is not eligible for mandatory supervision. *See Stewart v. Crain*, 308 F. App'x 748, 750, 2009 WL 166700 *2 (5th Cir. 2009)("Because Stewart is ineligible for early

release under the Texas mandatory supervision scheme, he has no constitutional protected liberty interest in previously earned good-time credits.").

Under the mandatory supervision statutes in effect when Pasillas committed his holding offense, he is not eligible for release to mandatory supervision, as he is serving an aggravated sex assault offense under Texas Penal Code Section 22.021.(Resp. Exhibit A, doc. 14-1); *see* Tex. Gov't Code § 508.149(a)(8)(West Supp. 2020)(expressly making ineligible for release to mandatory supervision prisoners serving a sentence for violations of Texas Penal Code 22.021); see also *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005)("The statute in effect when the holding offense is committed determines an inmate's eligibility for release on mandatory supervision or parole").Because the Texas legislature has specifically excluded a prisoner convicted of an aggravated sex assault offense such as Pasillas from being eligible for release to mandatory supervision, it necessarily follows that he has no liberty interest in his good time credits. *See Campos v. Johnson*, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997)(stating "[n]o court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute.").

Consequently, because Pasillas is ineligible for release under

the Texas mandatory supervision scheme, he has no constitutionally protected liberty interest in previously earned good time credits. *See Stewart*, 308 F. App'x at 750. As the loss of 365 days' good time credit does not present a liberty or due process concern, Pasillas fails to state a claim for federal habeas corpus relief, and his petition must be denied.

### IV. Conclusion

For the reasons discussed, petitioner Steve Pasillas's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds

-8-

without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED October 3, 2022.

                                              TERRY R. MEANS
                                              UNITED STATES DISTRICT JUDGE